# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHANE HARRINGTON, H & S CLUB OMAHA, INC., MELTECH, INC., and MIDWEST GIRLS CLUB,<br><br>**Plaintiffs,**<br><br>vs.<br><br>SUSAN STRONG, PETE RICKETTS, THERESA THIBODEAU, PATTY BROOKS, DOUG PETERSON, HOBERT RUPE, ROBERT BATT, JOHN BOLDUC, BRENDA KONFRST, JEAN STOTHERT, TODD SCHMADERER, KEN KANGER, MICHELLE BANG, COLENE HINCHY, PAUL KRATZ, AIMEE MELTON, CHRIS JERRAM, JOHN AND JANE DOE NEBRASKA STATE PATROL OFFICERS #1-#800, In Their Individual Capacities and Official Capacities as Employees of the State of Nebraska; THE CITY OF OMAHA NEBRASKA, JOHN DOE BUILDING INSPECTORS #1 AND #2, JOHN DOE OMAHA POLICE OFFICERS #1 - #10, In Their Individual Capacities and Official Capacities as Employees of the City of Omaha Nebraska; and JOHN AND JANE DOE OMAHA POLICE OFFICERS #1 - #900,<br><br>**Defendants.** | 8:18CV383<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion for Preliminary Injunction, Temporary Restraining Order, and Declaratory Judgment, ECF No. 5, filed by Plaintiffs Shane Harrington, H&S Club Omaha, Inc., Meltech, Inc., and Midwest Girls Club (collectively, Plaintiffs). For the reasons stated below, Plaintiffs' request for a temporary restraining order will be denied.

## BACKGROUND

Plaintiff Shane Harrington is a resident of Omaha, Nebraska, and the principal officer and part owner of Plaintiffs H & S Club Omaha, Inc., Midwest Girls Club, and Meltech, Inc., each Nebraska corporations. On March 1, 2017, Plaintiff H & S Club Omaha, Inc., entered into a three-year lease for the property at 7301 Farnam Street in Omaha and opened a private-member establishment called Club Omaha. Club Omaha offers live nude dancing as its primary form of entertainment. Although Club Omaha does not possess any liquor license under the Nebraska Liquor Control Act (NLCA) or sell or otherwise provide its members with alcohol, it permitted members to bring in their own alcohol for consumption, prior to the enactment of the legislation described below.

On April 18, 2018, the Nebraska Legislature passed L.B. 1120, which included, among other things, new licensure requirements for "bottle clubs." Neb. Laws L.B. 1120,106th Leg. Second Reg. Sess. (2018). The bill took effect on July 19, 2018. Neb. Rev. Stat. § 53-101 *et seq.* On August 14, 2018, the Omaha City Council passed Ordinance #41532, which amended certain sections of Chapter 15 of the Omaha Municipal Code—titled Liquors—to "include regulations for bottle clubs consistent with state statutes." Ex. 101.[1] Ordinance #41532 states that its provisions will take effect "fifteen days from and after the date of its passage." *Id.* at 9. Previously, on May 16, 2017, the Omaha City Council passed Ordinance #41153, which amended §§ 18-90 and

---

[1] Specifically, Ordinance #41532 amended §§ 15-2, 15-9, 15-15, 15-22, 15-33, 15-34, 15-40, 15-41, 15-42, 15-44, 15-53, and 15-44 of the Omaha Municipal Code. As of the date of this Memorandum and Order, the Omaha Municipal Code does not reflect the amendments made by the Bottle Club Ordinance. As such, for purposes of this Memorandum and Order, the Court will refer to the certified copy of Ordinance #41532 which was admitted into evidence at the hearing on Plaintiffs' request for a temporary restraining order and marked as Exhibit #101.

18-91 of Chapter 18 of the Omaha Municipal Code—titled Nuisances. Ex. 102. The amendments in Ordinance #41153 have been codified in §§ 18-90 and 18-91 of the Municipal Code. Omaha, NE, Municipal Code §§ 18-90, 18-91. In their Complaint, Plaintiffs claim, among other things, that provisions of the NLCA, Ordinance #41532, and §§ 18-90 and 18-91 of the Omaha Municipal Code are unconstitutional both facially and as applied. After L.B. 1120 took effect on July 19, 2018, Club Omaha members were not permitted to consume alcohol inside Club Omaha, though Plaintiffs indicated the members may consume alcohol in Club Omaha's parking lot.

On July 21, 2018, Plaintiff Shane Harrington and several women stood at the intersection of 72nd and Dodge Streets in Omaha holding signs that read "Honk if you [heart] boobs." Harrington wore underwear and the women wore flesh-colored g-strings and areola pasties. The Omaha Police Department received several reports of naked protesters at the intersection. When officers arrived, they monitored the scene and eventually informed Harrington that their commanding officers were considering whether citations for lewd conduct were warranted and that they would have to issue citations if ordered by the commanding officers. Ex. 5. Shortly thereafter, Harrington and the women left the intersection. Three days later, on July 24, 2018, the Omaha City Prosecutor issued a public statement in the Omaha World Herald newspaper that the conduct of Harrington and the women on July 21, 2018, did not violate any City laws. Kuhse Aff., Ex. 103. Neither Harrington nor any of the women have engaged in similar conduct since July 21, 2018.

On August 13, 2018, Plaintiffs filed their Complaint, ECF No. 1, and, the next day, filed their Motion for Preliminary Injunction, Temporary Restraining Order, and

3

Declaratory Judgment, ECF No. 5. The Court held a hearing on August 20, 2018, and informed the parties that the hearing was limited to Plaintiffs' request for a temporary restraining order. As such, this Memorandum and Order is also limited to determining whether Plaintiffs are entitled to a temporary restraining order. Plaintiffs specifically ask the Court to (1) enjoin enforcement of Omaha Municipal Code § 20-112 (prohibiting lewd acts), (2) enjoin enforcement of Ordinance #41532, and (3) enjoin the City of Omaha from entering Plaintiffs' property without a warrant. ECF No. 5, Page ID 97. Accordingly, the Court's analysis will be limited to these specific requests for temporary injunctive relief.

## DISCUSSION

Courts in the Eighth Circuit apply the factors set forth in *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc), when determining whether to issue a preliminary injunction or temporary restraining order. Those factors are: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Id.* "No single factor is determinative." *WWP, Inc. v. Wounded Warriors, Inc.*, 566 F. Supp. 2d 970, 974 (D. Neb. 2008). "A preliminary injunction is an extraordinary remedy and the burden of establishing the propriety of an injunction is on the movant." *Roudachevski v. All-Am. Care Centers, Inc.*, 648 F.3d 701, 705 (8th Cir. 2011) (citing *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003)).

Plaintiffs argue the threatened irreparable harm in this case is a violation of their First Amendment rights. Pl.'s Br., ECF No. 5-1, Page ID 103. "It is well-settled law that a 'loss of First Amendment freedoms, for even minimal periods of time, unquestionably

4

constitutes irreparable injury.'" *Phelps-Roper v. Nixon*, 509 F.3d 480, 484 (8th Cir. 2007) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). It is also "always in the public interest to protect constitutional rights[ ]" and "[t]he balance of equities, too, generally favors the constitutionally-protected freedom of expression." *Nixon*, 509 F.3d at 485 (internal quotations omitted). Therefore, because Plaintiffs' asserted irreparable harm is a deprivation of First Amendment rights, the Court will focus on whether Plaintiffs have demonstrated a likelihood of success on the merits with respect to their First Amendment claims. *See id.* ("In a First Amendment case, . . . the likelihood of success on the merits is often the determining factor in whether a preliminary injunction should issue.").

The Eighth Circuit has recognized two standards for evaluating a movant's likelihood of success on the merits. Generally, the movant must only demonstrate a "fair chance of prevailing." *1-800-477-Pain Referral Serv., LLC v. Otto*, 744 F.3d 1045, 1054 (8th Cir. 2014). Where the movant seeks "to enjoin the implementation of a duly enacted state statute, however, the moving party must make a more rigorous showing that it is 'likely to prevail on the merits.'" *Planned Parenthood of Ark & E. Okla. v. Jegley*, 864 F.3d 953, 957-58 (8th Cir. 2017) (quoting *Planned Parenthood Minn., N.D., S.D. v. Rounds*, 530 F.3d 724, 733 (8th Cir. 2008)). This "more rigorous standard 'reflects the idea that governmental policies implemented through legislation or regulations developed through presumptively reasoned democratic processes are entitled to a higher degree of deference and should not be enjoined lightly.'" *Rounds*, 530 F.3d at 732 (quoting *Able v. United States*, 44 F.3d 128, 131 (2d Cir. 1995)).

Because § 20-112 of the Omaha Municipal Code and Ordinance #41532 are laws enacted by the Omaha City Council "through presumptively reasoned democratic

5

processes," Plaintiffs must meet the more rigorous standard of showing they are likely to prevail on their claims that the laws are unconstitutional before the Court will enjoin their application.[2] *See Rounds*, 530 F.3d at 732; *Fort Des Moines Church of Christ v. Jackson*, 215 F. Supp. 3d 776, 793 (S.D. Iowa 2016) (applying the more rigorous likely-to-prevail standard to a challenge to city ordinances).

## I. Section 20-112—Prohibition of Lewd Acts

Plaintiffs argue § 20-112 is unconstitutionally overbroad and vague. They also argue it violates the First Amendment as applied to their conduct on July 21, 2018.

Section 20-112 provides "[i]t shall be unlawful for any person purposely or knowingly to do a lewd act." Omaha, NE, Municipal Code § 20-112. Section 20-111 provides that "a 'lewd act' shall mean any act of a sexual nature which is offensive to the average person of a group which is intended or likely to observe it." Omaha, NE, Municipal Code § 20-111.

### a. Overbreadth

"The First Amendment overbreadth doctrine . . . provides an avenue 'whereby a law may be invalidated as overbroad if a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'" *Josephine Havlak Photographer, Inc. v. Village of Twin Oaks*, 864 F.3d 905, 912 (8th Cir. 2017) (quoting *SOB, Inc. v. City of Benton*, 317 F.3d 856, 864 (8th Cir. 2003)). "For a federal court to entertain a facial challenge pursuant to the First Amendment overbreadth doctrine, 'there must be a realistic danger that the statute itself will significantly

---

[2] At the hearing on Plaintiffs' request for a temporary restraining order, Plaintiffs conceded that this standard is applicable.

compromise recognized First Amendment protections of parties not before the court.'" *Id.* (quoting *Jacobsen v. Howerd*, 109 F.3d 1268, 1274 (8th Cir. 1997)). "'Facial challenges are disfavored' because they 'often rest on speculation . . . and raise the risk of premature interpretation of statutes on the basis of factually barebones records.'" *Josephine*, 864 F.3d at 912 (quoting *Phelps-Roper v. City of Manchester*, 697 F.3d 678, 685 (8th Cir. 2012)).

Plaintiffs summarily contend that § 20-112 is facially overbroad because the term "lewd," on its own, encompasses conduct protected by the First Amendment. They admittedly failed to realize, however, that § 20-111 specifically defines a "lewd act." As such, they presented no argument, either in their brief or at oral argument, that § 20-112 read in conjunction with § 20-111 is unconstitutionally overbroad. Thus, Plaintiffs have not shown they are likely to succeed on this claim.

**b. Vagueness**

Unlike the First Amendment overbreadth doctrine, for a plaintiff to have standing to assert a vagueness challenge, the challenged statute or ordinance "must be unconstitutional as applied to [the plaintiff's] specific conduct at issue." *Mapes*, 718 F.3d at 1000. "Under the void-for-vagueness doctrine, a law is unconstitutional if it 'fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement.'" *Musser v. Mapes*, 718 F.3d 996, 1000 (8th Cir. 2013) (quoting *United States v. Williams*, 553 U.S. 285, 304 (2008)); *Williams*, 553 U.S. at 304 (stating the vagueness doctrine implicates due process, not the First Amendment).

Plaintiffs have not shown they have standing to make a void-for-vagueness challenge to § 20-112 or that their challenge has any substantive merit. Plaintiffs ask the Court to enjoin the City of Omaha from enforcing and applying § 20-112 in such a way that prohibits women from publicly protesting while wearing g-strings and areola pasties. Yet Plaintiffs—three business entities and Harrington—have not specifically engaged in this conduct. Nor do they propose to engage in such conduct in the future. Rather, they are attempting to assert this challenge to § 20-112 on behalf of other individuals not before the Court. *Mapes*, 718 F.3d at 1000. Even if those individuals were before the Court, however, the City Prosecutor for the City of Omaha publicly stated that the conduct on July 21, 2018, which included publicly protesting in g-strings and areola pasties, did not violate § 20-112. Kuhse Aff., Ex. 103.

With respect to the substantive merit of this claim, Plaintiffs rely on *D.C. v. City of St. Louis*, where the Eighth Circuit found that a city ordinance prohibiting, among other things, "lewd act[s] of behavior" was unconstitutionally vague. 795 F.2d 652, 653 (8th Cir. 1986). In that case, however, neither the city's municipal code nor the state courts had defined what constituted a lewd act. *Id.* at 654. Therefore, *D.C. v. City of St. Lois* is distinguishable because, as the Court noted above, the City of Omaha's Municipal Code specifically defines a lewd act and Plaintiffs have not addressed, or even considered, whether that definition is unconstitutionally vague.

Accordingly, Plaintiffs failed to show they are likely to succeed on their claim that § 20-112 is void for vagueness under the Fourteenth Amendment.

**c. As-applied**

Plaintiffs failed to establish they have standing to assert their claim that § 20-112 violates the First Amendment as applied to them for the same reasons they failed to establish standing on their Fourteenth Amendment void-for-vagueness claim.[3] *Phelps-Roper v. Ricketts*, 867 F.3d 883, 896 (8th Cir. 2017) (citing *Republican Party of Minn., Third Cong. Dist. v. Klobuchar*, 381 F.3d 785, 790 (8th Cir. 2004) (stating "[a]n as-applied challenge consists of a challenge to the statute's application only as-applied to the party before the court.")). Thus, they have not demonstrated that they are likely to succeed on their as-applied First Amendment challenge to § 20-112.

## II. Ordinance #41532

Plaintiffs argue Ordinance #41532 (1) violates their freedom of expression in nude dancing, (2) is an unconstitutional prior restraint on speech and expression, and (3) interferes with their freedom of assembly and association.

Section 53-186.01 of the Nebraska Liquor Control Act (NLCA) requires any person operating a bottle club to obtain a license, Neb. Rev. Stat. § 53-186.01, and Section 53-134.03 authorizes cities "to regulate by ordinance, not inconsistent with the [NLCA], the business of all . . . bottle club . . . licensees carried on within [city limits]." Neb. Rev. Stat. § 53-134.03. A bottle club is defined as

> an operation, whether formally organized as a club having a regular membership list, dues, officers, and meetings or not, keeping and maintaining premises where persons who have made their own purchases of alcoholic liquor congregate for the express purpose of consuming alcoholic liquor upon the payment of a fee or other consideration.

---

[3] The Court also notes Plaintiffs Meltech, Inc., and Midwest Girls Club do not appear to have standing to challenge Omaha Municipal laws. *See* Comp. ¶¶ 63-67, 105, ECF No. 1, Page ID 19, 24.

Neb. Rev. Stat. § 53-103.47.[4]

Ordinance #41532 amended certain sections of Chapter 15 of the Municipal Code—titled Liquors—for the express purpose of regulating bottle clubs in conformity with Nebraska state law.

**a. Freedom of Expression**

Plaintiffs argue Ordinance #41532 would eliminate live nude dancing, which is the primary form of entertainment at Club Omaha.

The only Section of Chapter 15, as amended by Ordinance #41532, relevant to Plaintiffs' argument is § 15-15, which provides:

> It shall be unlawful for any person holding a license for the sale of alcoholic liquors for consumption on the premises or bottle club to permit or knowingly allow any person less than 21 years of age who is not a bona-fide employee of the business to:
>
> (a) Engage in any live public performance, dance, or exhibition on the premises utilizing a pole, banister, or other vertical rod commonly known as a "stripper pole" as part of the performance, dance, or exhibition when the object is used to simulate any act of masturbation or sexual intercourse; or
>
> (b) Engage in any live public performance, dance, or exhibition on the premises in which the person's clothing is wetted with water or any other liquid with the purpose or reasonable expectation that the clothing covering the person's breasts or genitals will become transparent or less than fully opaque.

---

[4] In their brief, Plaintiffs summarily argue § 53-103.47 is overbroad and vague because it applies to country clubs, tennis clubs, bridge clubs, fraternities, sororities, and many other organizations. Pl.'s Br. ¶ 57, ECF No. 5-1, Page ID 112. The fact that a statute may have broad application, however, does not necessarily render it unconstitutionally overbroad under the First Amendment or unconstitutionally vague under the Fourteenth Amendment's Due Process Clause. Plaintiffs have not shown any degree of likelihood that § 53-103.47 is unconstitutionally overbroad or vague.

Omaha, NE, Municipal Code § 15-15, *amended by* Ordinance #41532. Ordinance #41532 does not categorically prohibit nude dancing in bottle clubs; it simply places an age restriction on the entertainment-related activities of non-employees in such clubs. Plaintiffs have not addressed § 15-15 in any detail, nor explained how the provisions of the ordinance limited any activities formerly taking place at Club Omaha; they simply summarily maintain that nude dancing is a protected form of expression and that Ordinance #41532 violates the First Amendment because it prohibits nude dancing in bottle clubs.[5]

Even if a provision of Ordinance #41532 did ban nude dancing in bottle clubs, Plaintiffs have not shown such a law is likely unconstitutional. "Nude dancing is expressive conduct protected by the First Amendment, 'though . . . only marginally so.'" *Jake's, Ltd., Inc. v. City of Coates*, 284 F.3d 884, 886 (8th Cir. 2002) (quoting *Barnes v. Glen Theatre, Inc.*, 501 U.S. 560, 565-66 (1991)). In *BZAPS, Inc. v. City of Mankato*, the Eighth Circuit upheld a city ordinance prohibiting adult entertainment in an establishment that held a liquor license and sold alcohol. 268 F.3d 603, 607-08 (8th Cir. 2001). The court explained that "[t]he city's concern about the combination of alcohol and adult entertainment is not irrational, and the city is thus entitled under its police power to prohibit the sale of alcohol in a location that features adult entertainment." *Id.* (citing *California v. LaRue*, 409 U.S. 109 (1972)); *see, e.g., SOB, Inc. v. Cty. of Benton*, 317 F.3d 856 (8th Cir. 2003); *Flirts, Inc. v. City of Harris*, 796 F. Supp. 2d 974, 979 (D. Minn.

---

[5] Although Club Omaha no longer allows alcohol inside the club, which would render Ordinance #41532 inapplicable, Plaintiffs argue that the decision to no longer allow alcohol was a result of the Ordinance and that they would permit alcohol absent bottle club laws.

11

2011) (quoting *City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 46 (1986) ("An ordinance that does not constitute an outright ban on adult establishment is 'properly analyzed as a form of time, place, and manner regulation.'")).

At this stage, Plaintiffs have not shown, under the applicable constitutional framework, that they are likely to succeed on their claim that Ordinance #41532 unconstitutionally violates their freedom of expression under the First Amendment either on its face or as applied.

**b. Prior Restraint**

Plaintiffs argue that "[r]equiring Club Omaha to obtain a Municipal Bottle Club license . . . constitutes [a] prior restraint." Pl.'s Br., ECF No. 5-1, Page ID 106.

"[A]n ordinance which . . . makes the peaceful enjoyment of freedoms which the Constitution guarantees contingent upon the uncontrolled will of an official—as by requiring a permit or license which may be granted or withheld in the discretion of such official—is an unconstitutional censorship or prior restraint upon the enjoyment of those freedoms." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 226 (1990) (internal quotation omitted) (alteration in original).

Nebraska state law requires persons operating a bottle club to obtain a bottle club license, Neb. Rev. Stat. § 53-186.01; the City of Omaha only has the "authority to approve applications and deny licenses pursuant to the [NLCA]," Neb. Rev. Stat. § 53-134.02. Plaintiffs have not indicated, either in their brief or during oral argument, which provision of Ordinance #41532, specifically, requires Club Omaha to obtain a bottle club license. A "Municipal Bottle Club license" is not recognized under Ordinance #41532. Yet, even if a provision in Ordinance #41532 did require Club Omaha to obtain a bottle club license,

12

Plaintiffs have not shown how that requirement is a prerequisite to engaging in or exhibiting nude dancing at Club Omaha. Nothing in Ordinance #41532 makes the conduct of engaging in or exhibiting nude dancing contingent upon first obtaining any kind of license or permission from the City of Omaha. *See* Ex. 102. In fact, Club Omaha currently offers nude dancing. Accordingly, at this stage, Plaintiffs have not shown they are likely to succeed on their claim that Ordinance #41153 is an unconstitutional prior restraint on the exercise of their asserted First Amendment right to offer nude dancing at Club Omaha.

### c. Freedom of Assembly and Association

Plaintiffs argue Ordinance #41532 violates the First Amendment's protection of free assembly and association because (1) it prohibits Club Omaha "from operating from 5:00 a.m. to 6:00 a.m." and (2) it "requires Plaintiffs to maintain membership lists of all members for disclosure." Pl.'s Br., ECF No. 5-1, Page ID 108. No provision in Ordinance #41532 prohibits Club Omaha from operating between the hours of 5:00 a.m. and 6:00 a.m., and no provision requires Plaintiffs to maintain a membership list. *See* Ex. 102. The hours-of-operation restriction and the members-list requirement derive from Neb. Rev. Stat. § 53-123.08, which is not within the scope of Plaintiffs' Motion, ECF No. 5. Thus, Plaintiffs have not demonstrated a likelihood of success with respect to their claim that Ordinance #41532 violates their First Amendment rights to freedom of assembly and association.

## III. Enjoin Entry Without a Warrant

Finally, Plaintiffs ask the Court to enjoin all Defendants from entering Club Omaha at 7301 Farnam Street without a warrant. Plaintiffs have provided no support for such an

injunction, and they have not shown that there exists any actual and imminent threat of any Defendants unlawfully entering Club Omaha. *Packard Elevator v. I.C.C.*, 782 F.2d 112, 115 (8th Cir. 1986) ("Injunctive relief will not be granted against something merely feared as liable to occur at some indefinite time; the party seeking injunctive relief must show . . . there is a clear and present need for equitable relief to prevent irreparable harm.").

## CONCLUSION

At this early stage in the litigation, Plaintiffs have not demonstrated a likelihood of success on the merits with respect to their First Amendment claims which are the basis for their requested temporary restraining order. Because Plaintiffs cite First Amendment violations as the threatened irreparable harm, and because the likelihood-of-success-on-the-merits factor is often determinative in such cases, the Court finds that the *Dataphase* factors weigh in favor of denying Plaintiffs' request for a temporary restraining order. Accordingly, Plaintiffs' Motion will be denied, in part.

IT IS ORDERED:

1. The Motion for Preliminary Injunction, Temporary Restraining Order, and Declaratory Judgment, ECF No. 5, filed by Plaintiffs Shane Harrington, H&S Club Omaha, Inc., Meltech, Inc., and Midwest Girls Club, is denied, in part, as follows:

    Plaintiffs' request for a temporary restraining order is denied; and

2. An evidentiary hearing on Plaintiffs' request for preliminary injunctive and declaratory relief may be scheduled by contacting the courtroom deputy.

Dated this 23rd day of August, 2018.

14

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge