IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHANE HARRINGTON, H & S CLUB OMAHA, INC., MELTECH, INC., and MIDWEST GIRLS CLUB,<br><br>Plaintiffs,<br><br>vs.<br><br>SUSAN STRONG, PETE RICKETTS, THERESA THIBODEAU, PATTY BROOKS, DOUG PETERSON, HOBERT RUPE, ROBERT BATT, JOHN BOLDUC, BRENDA KONFRST, JEAN STOTHERT, TODD SCHMADERER, KEN KANGER, MICHELLE BANG, COLENE HINCHY, PAUL KRATZ, AIMEE MELTON, CHRIS JERRAM,  JOHN AND JANE DOE NEBRASKA STATE PATROL OFFICERS #1-#800, In Their Individual Capacities and Official Capacities as Employees of the State of Nebraska;  THE CITY OF OMAHA NEBRASKA,  JOHN DOE BUILDING INSPECTORS #1 AND #2,  JOHN DOE OMAHA POLICE OFFICERS #1 - #10, In Their Individual Capacities and Official Capacities as Employees of the City of Omaha Nebraska; and  JOHN AND JANE DOE OMAHA POLICE OFFICERS #1 - #900,<br><br>Defendants. | 8:18CV383<br><br>**ORDER** |

This matter is before the Court on Plaintiffs' Motion for Expedited Discovery (Filing No. 31). Plaintiffs request leave to conduct discovery before the parties have conferred as required by Rule 26(f) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 26(d)(1)("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by . . . by court order."). Specifically, Plaintiffs request an Order requiring the City of Omaha to produce copies of all body camera footage from the Omaha Police Department taken on July 21, 2018, between 5:30 p.m. and 7:00 p.m., at or near the intersection of 72nd and Dodge Streets and at or near 7301 Farnam Street.[1] Plaintiffs assert they need this

---

[1] Plaintiffs initially also sought police reports related to Shane Harrington and Club Omaha from March 1, 2017, through April 21, 2018, but withdrew this request in their reply brief after reviewing the representations in the defendants' brief. (Filing No. 35 at p. 2).

discovery to "obtain a preliminary injunction and oppose the motions to dismiss that Defendants have promised to file." (Filing No. 31-1 at p. 3).

The Eighth Circuit has not expressly adopted a standard for considering motions for expedited discovery, although courts generally use one of two standards. *Dorrah v. United States*, 282 F.R.D. 442, 445 (N.D. Iowa 2012). "Some courts apply a 'good cause' or 'reasonableness' standard, while others analyze a set of factors similar to those for obtaining a preliminary injunction." *Oglala Sioux Tribe v. Van Hunnik*, 298 F.R.D. 453, 455 (D. S.D. 2014). District courts within the Eighth Circuit generally utilize the "good cause" standard. See, e.g., *Strike 3 Holdings, LLC, v. Doe*, No. CV 18-774, 2018 WL 4210202, at *2 (D. Minn. Sept. 4, 2018); *Nilfisk, Inc. v. Liss*, 2017 WL 7370059, at *7 (D. Minn. June 15, 2017); *Progressive Cas. Ins. Co. v. F.D.I.C.*, 283 F.R.D. 556, 557 (N.D. Iowa 2012); *Van Hunnik*, 298 F.R.D. at 455. "To establish good cause, the party seeking discovery must demonstrate that the need for expedited discovery, in consideration of [the] administration of justice, outweighs prejudice to the responding party." *Liss*, 2017 WL 7370059, at *7 (internal quotation marks omitted). "A district court then will "examine the entirety of the record to date and the reasonableness of the request [for expedited discovery] in light of surrounding circumstances." *Id.* (quoting *Dorrah v. United States*, 282 F.R.D. 442, 445 (N.D. Iowa 2012)). "[E]xpedited discovery may be appropriate when injunctive relief is sought because of the expedited nature of injunctive proceedings." *Coram, Inc. v. Jesus*, No. 8:10CV37, 2010 WL 584000, *1 (D. Neb. Feb. 11, 2010).

Under the circumstances, the Court finds good cause does not exist warranting early discovery. Plaintiffs assert they need the body camera footage for the preliminary injunction hearing. However, Plaintiffs have not yet requested a date for a preliminary injunction hearing, and after review of Chief Judge Smith Camp's order denying Plaintiffs' request for a TRO, the Court is not persuaded that the body camera footage will be necessary for the Court's ruling. See Filing No. 33. Moreover, according to Defendants, Mr. Harrington already produced a video of the incidents and the requested body camera footage would be "basically the same footage from another angle." (Filing No. 34 at p. 4). Plaintiffs have also not demonstrated how the body camera footage would be necessary to resist Defendants' motions to dismiss, since courts must rule on motions to dismiss "on the assumption that all the allegations in the complaint are true[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

2

In sum, although Plaintiffs' request for body camera footage does not appear to be particularly burdensome, there does not appear to be any pressing need for Plaintiffs to obtain that discovery at this time. In general, a party has an obligation to preserve evidence when the party knows or should have known that the evidence is relevant to future or current litigation. See *Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 746 (8th Cir. 2004). Defendants have an obligation to preserve the body camera footage, in the event this case progresses beyond the pleadings stages.

For the foregoing reasons,

**IT IS ORDERED:** Plaintiffs' Motion for Expedited Discovery (Filing No. 31) is denied.

Dated this 3rd day of October, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge
